| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------ X<br>MAHER FADEL MOHAMMAD,　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　Plaintiff,　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　- against -　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:<br>NEW YORK STATE HIGHER EDUCATION　　　:<br>SERVICES CORPORATION; JEFFREY S.　　　　:<br>DOERR and OVERTON, RUSSELL & DOERR,　:<br>　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　Defendants.　　　　　　　　:<br>------------------------------------------------------------------ X | ELECTRONIC PUBLICATION ONLY<br><br><br><br><br>MEMORANDUM<br>AND ORDER<br><br>08-CV-4943 (JG) (LB) |

A P P E A R A N C E S:

       MAHER FADEL MOHAMMAD
            8516 17th Avenue
            Brooklyn, NY 11214
            Plaintiff, *pro se*

       ANDREW M. CUOMO
            Attorney General of the State of New York
            120 Broadway
            New York, NY 10271
       By:    Karen Anne Dahlberg
            Attorney for Defendant New York State
            Higher Education Services Corporation

JOHN GLEESON, United States District Judge:

       Maher Fadel Mohammad brings this action against the New York State Higher Education Services Corporation ("HESC"), Jeffrey S. Doerr and Overton, Russell & Doerr. The case pertains to a 1990 default judgment entered against Mohammad for defaulting on a student loan of approximately $14,000 received in 1983, which Mohammad alleges was "paid in full on 1987, 1989, 1990." Compl., Ex. A, ¶ 1. Mohammad is seeking reimbursement of funds taken from his tax refunds and other accounts to satisfy that judgment and well as "$1,000,000.00 per

year starting from November 20, 1990 until the end of This Case for the damages" arising out of alleged discrimination and violation of his rights. Compl. ¶ 4B.

HESC moves to dismiss the complaint for failure to meet the pleading requirement pursuant to Fed. R. Civ. P. 8(a), lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). I heard argument on the motions on May 29, 2009. For the reasons stated below the motion is granted.

## BACKGROUND

A.  *The Relevant Statutory and Regulatory Framework*

HESC is an educational corporation and an agency of the State of New York, created pursuant to § 652 of the New York Education Law to administer the Federal Family Education Loan Program ("FFELP") in New York State. *See* 20 U.S.C. § 1071, *et. seq*.; N.Y. Educ. Law § 652. HESC guarantees higher education loans made by private lenders under FFELP to New York State residents and persons attending colleges or vocational schools in the state. *See* N.Y. Educ. Law. § 680(1)(b); 20 U.S.C. § 1085(j). If a borrower defaults, HESC reimburses the holder of the loan, and is then reimbursed by the U.S. Secretary of Education under a reimbursement agreement. *See* 20 U.S.C. § 1078(c). HESC is then authorized to collect on the defaulted loan from the debtor. *See id.*; 34 C.F.R. § 682.410(b)(5)-(6) (noting that the guaranty agency, such as HESC, "must engage in reasonable and documented collection activities on a loan on which it pays a default claim filed by a lender" and is required to report the default to all national credit bureaus).

B.  *The Facts*

The following facts are drawn from Mohammad's *pro se* complaint, filed December 4, 2008, and documents attached to and incorporated by reference in that complaint, and are assumed to be true for the purposes of this motion.[1] In addition, I take judicial notice of certain facts as noted below.

Mohammad borrowed $14,000 in student loans in 1983.[2] Compl., Ex. A. These loans were guaranteed by HESC. Dahlberg Decl., Ex. 2.

On May 31, 2008, Mohammad wrote a letter to the HESC explaining the following: In 1987, 1989, and 1990, he paid back in full a loan taken out in 1983 in the amount of $14,000.[3] Compl., Ex. A. In 1990, he left New York State for a period of approximately 10 years. In 2000-2001, he opened a wholesale business (presumably in New York), which was destroyed as a result of the terrorist attacks on September 11, 2001, as were the documents demonstrating payment of his student loan. At the end of 2001, Mohammad received a statement from HESC stating that he owed $42,000. During the period of 2001-2006, Mohammad's tax refunds were applied to this debt. Credit agencies learned of the judgment against him, and as a result he was unable to obtain employment, insurance, business loans or mortgages.

In 2002, Mohammad wrote to the HESC and the lawyer responsible for collection of the debt. He argued that the judgment was improper and complained that it was causing him $1,000,000 per year in "damage." In 2007, Mohammad requested to settle the matter with the

---

[1] Mohammad's complaint does not include a description of his claim. Rather, under the "Statement of Claim" section of his complaint, Mohammad refers the reader to eight attached exhibits. The background facts are taken from those documents.

[2] Mohammad asserts in his Opposition to HESC's Motion to Dismiss ("Pl. Br.") that the amount of the student loan was $13,000 not $14,000. *See* Pl. Br. ¶ 2. However, Exhibit A to his complaint -- a letter to HESC from Mohammad dated May 31, 2008 -- clearly references a "1983 student loan [of] $14,000.00." Compl., Ex. A. Though the difference has no bearing on the outcome here, I accept the $14,000 figure as plaintiff's allegation.

[3] I do not assume the truth of this fact in light of the default judgment entered against Mohammad in state court, of which I take judicial notice as indicated below.

party responsible for collection, DGS, and to begin to make minimum payments, but he never received any response. He wanted to commence payment after the total amount due was reduced and his name was removed from the public record and "clear[ed] … from all these coolections [sic]." *Id*. at 2. In addition, Mohammad's May 31, 2008 letter referenced a seemingly unrelated judgment of September 11, 2002, in which he was awarded $18,400, and offered that HESC "collect it and take what ever you want and give me the balance." *Id.* Mohammad stated that he does not have proof that he satisfied his student loan because he was a victim of September 11, 2001. Finally, Mohammad noted that if it could ever be proven that he had in fact repaid the loan, he would demand damages in the amount of $1,000,000 per year starting from 1990. *Id*.

In addition to these facts, I take judicial notice of the state action brought by HESC in August 1990 against Mohammad to collect the defaulted student loan, and of the default judgment HESC obtained from the New York Supreme Court, County of Albany, in November 1990 against Mohammad in the amount of $22,148.53 (the principal and accrued interest as of that date). *See Dahlberg Decl.*, Exs. 1 & 2.

Other exhibits attached to the complaint set forth additional information. By letter dated August 22, 2002, Mohammad, (here listed with an alias -- a.k.a. Fadel Kasem) received a letter from attorneys for HESC at Overton, Russell and Doerr, who were acting as debt collectors for HESC. The letter notified Mohammad of the judgment against him in the 1990 case, informed him that money or property belonging to him may have been taken to satisfy that judgment, and advised him of his right to recover "exempt" money. Compl., Ex. E. Overton, Russell and Doerr sent Mohammad another letter dated March 19, 2004, enclosing a subpoena and questionnaire regarding collection of the debt. Compl., Ex. F. Mohammad completed a different "information subpoena questionnaire" form and had it notarized on July 8,

4

2002.  Compl., Ex. G.  Mohammad received a statement from Diversified Collection Services dated January 10, 2008, indicating that he owed $44,529.97 in principal and interest to HESC.  Compl., Ex. H.

## DISCUSSION

A.  *Standard of Review – Motion to Dismiss*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint.  *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))).  Accordingly, I must accept the factual allegations in the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, ---, 127 S. Ct. 2197, 2200 (2007) (*per curiam*), and draw all reasonable inferences in favor of the plaintiff.  *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal* ("*Iqbal II*"), 556 U.S. ---, 2009 WL 1361536, at *13 (May 18, 2009).

While generally "[s]pecific facts are not necessary" to state a claim so long as the statement gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests,'" *Erickson*, 127 S. Ct. at 2200 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), in at least some circumstances a plaintiff must plead specific facts in order to survive a motion to dismiss.  *Twombly*, 550 U.S. at 555.  The Second Circuit has interpreted this principle as a "flexible 'plausibility standard'" under which a plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007), *rev'd on other grounds*, 556

5

U.S. --- (2009) ("*Iqbal I*") (emphasis omitted) (interpreting *Twombly*). The Second Circuit's subsequent decision in *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008), however, strongly suggests that *Twombly* does not significantly alter the lenient, notice-focused standard used to assess the complaint of a *pro se* litigant. *Id*. at 213-14. *Boykin* noted that after *Twombly*, the Supreme Court's decision in *Erickson* addressed the sufficiency of a *pro se* plaintiff's pleading under Federal Rule of Civil Procedure 8(a). Relying on *Erickson*, the Second Circuit concluded that "departure from Rule 8(a)'s liberal pleading standard was particularly unwarranted" where the complaint was filed *pro se*: "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin*, 521 F.3d at 214 (quoting *Erickson*, 127 S. Ct. at 2200).

When considering a motion to dismiss, a court may examine (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as exhibits or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit. *Brass v. American Film Techs., Inc*., 987 F.2d 142, 150 (2d Cir. 1993).

B.  *HESC's Motion to Dismiss*

1.  *Res Judicata*

HESC argues that any claim[4] against it regarding Mohammad's student loan obligation arose out of the same transaction as the state action and thus is barred by the doctrine of *res judicata*. I agree.

---

[4] Mohammad does not articulate what type of claim he is bringing except to note that his is a "student loan" case.

6

The doctrine of *res judicata* "bars later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal citations and quotation marks omitted); *see also Hameed v. Aldana*, 296 Fed. App'x 154 (2d Cir. 2008) (affirming dismissal of *pro se* complaint on *res judicata* grounds). "A judgment on the merits for purposes of *res judicata* is not necessarily a judgment based upon a trial of contested facts; it may, for example, be a default judgment, …." *Dillard v. Henderson*, 43 F. Supp. 2d 367, 369 (S.D.N.Y. 1999) (citing 18 James Wm. Moore, *Moore's Federal Practice* § 131.30, at 131-87 to -88 (3d ed. 1998)); *Silverman v. Leucadia, Inc.*, 548 N.Y.S.2d 720, 721 (2d Dep't 1989) ("A default judgment is similarly conclusive for *res judicata* purposes."). In addition, "a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. New York City Transit Authority*, 32 F.3d 654, 657 (2d Cir. 1994). Finally, New York applies a "transactional approach" to *res judicata* issues, meaning that "'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" *Hameed*, 296 Fed. App'x at 155 (quoting *O'Brien v. City of Syracuse*, 429 N.E.2d 1158, 1159 (N.Y. 1981)).

In 1990, the Supreme Court of New York, Albany County, entered a default judgment against Mohammad after he failed to answer HESC's complaint, which alleged the nonpayment of the loan and sought to recover the unpaid principal and the accrued interest. Because the state court issued a final judgment on the merits of that case, which involved the same parties and same issues as this matter, *res judicata* precludes me from hearing

7

Mohammad's claims regarding whether he paid back his student loan or is improperly being held responsible for repaying it now. Accordingly, Mohammad's complaint as against HESC is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

    2.    *Rule 8*

Mohammad's complaint fares no better if I liberally construe it to allege a § 1983 claim because it fails to meet the pleading requirements of Fed. R. Civ. P. 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In its recent decision in *Iqbal II*, the Supreme Court offered district courts additional guidance regarding the consideration of motions to dismiss under Rule 8. Citing its earlier decision in *Twombly*, 550 U.S. 544, the Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

2009 WL 1361536, at *12 (internal citations and quotation marks omitted). Thus, I must begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at *13. With respect to any surviving well-pleaded factual allegations, I must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

Mohammad's complaint fails at both stages of the analysis. First, his mere mention of "discrimination" in the complaint, without *any* factual allegations, is not entitled to the assumption of truth. Compl. ¶ 4B. Mohammad's papers in opposition to HESC's motion address his putative claim in slightly more detail. *See* Pl. Br. 1-2. The allegations raised for the

8

first time in that filing are that (1) HESC and their "agents waited 11 years … and … remember[ed] me on 9/11/2001, because of my name MOHAMMAD"; (2) he lost his business and all documents regarding his loans, his Ph.D. research and his school records because of his name; and (3) he was prevented from doing many things, such as getting a job, a loan, credit, or a mortgage or from continuing his Ph.D. "[b]ecause of [his name] MOHAMMAD[, a] Muslim name" and because he is "from [the] Middle East [and is] ARAB." Pl. Br. ¶¶ 16-17 & p. 2. Even if I were to deem those allegations as amendments to Mohammad's complaint, they do not save it because they are conclusory and contain no factual basis to support his claims.

  Moreover, even if, in light of the plaintiff's *pro se* status, I were to ignore the fact that his claims lack well-pleaded factual allegations, the complaint would nonetheless fail because the conclusory allegations themselves cannot "plausibly suggest an entitlement to relief." *Iqbal II*, at *14. In *Iqbal II*, a Pakistani detained in the wake of the September 11, 2001 attacks, argued that Attorney General John Ashcroft and FBI Director Robert Mueller purposefully designated him and other Muslim detainees as persons of "high interest" because of their race, religion or national origin. While the Court found these allegations to be factually well-pleaded, it concluded that "as between [the] obvious alternative explanation for the arrests" -- that the arrests "were likely lawful and justified by … nondiscriminatory intent to detain aliens who were illegally present in the United States and who had potential connections to those who committed terrorist acts" -- and "the purposeful, invidious discrimination" Iqbal asked the Court to infer, "discrimination is not a plausible conclusion." *Id*. at *15.

  Mohammad's allegations do not plausibily suggest that he is entitled to relief. Mohammad complains that his tax refunds were taken and his credit rating was damaged because of his Muslim name and because he is an Arab from the Middle East. However, the alternative,

9

obvious explanation is that these actions were taken to satisfy a judgment entered against Mohammad nearly 20 years ago. That he was held accountable for these loans after September 11, 2001 is not plausibly related to his being an Arab or having a Muslim name, but rather is obviously based on his having returned to New York at approximately that time after having been away for over a decade. In short, if the respondent in *Iqbal II* had not "nudged [his] claims of … discrimination across the line from conceivable to plausible," *id*. at *12 (internal quotation marks omitted), Mohammad has failed to get his claims anywhere close to that line, let alone over it.

I am mindful of the Supreme Court's instruction that a document filed *pro se* must be "liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson*, 127 S. Ct. at 2200, and that "dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases," *Boykin*, 521 F.3d at 216. I nonetheless find that this is one such "unsustainable" case. *See also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (dismissing a complaint pursuant to Rule 8 is a serious sanction "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised").[5]

Accordingly, the complaint as against HESC is dismissed pursuant to Rule 8 as well.

---

[5] Even construing the complaint as alleging a § 1983 claim, it would fail to state a claim upon which relief can be granted because HESC is a state agency and thus is not susceptible to liability under § 1983. A state agency is not a "person" within the meaning of the statute, *see Will v. Mich. Dep't of Police*, 491 U.S. 58, 70-71 (1989), and state agencies are entitled to Eleventh Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In light of the multiple bases for dismissal already discussed, I need not address the defendants' remaining grounds.

## CONCLUSION

For the reasons stated above HESC's motion to dismiss is granted.

So ordered.


John Gleeson, U.S.D.J.

Dated: June 1, 2009
      Brooklyn, New York